UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.

LISA OLLIS,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## DEFENDANT WAL-MART STORES EAST, LP' S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP ("Wal-Mart"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81 of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 50-2020-CA-006362-XXXX-MB, with full reservation of rights, exceptions and defenses, and in support thereof states:

## FACTUAL BACKGROUND

1. On or about June 12, 2020, Plaintiff Lisa Ollis ("Plaintiff") commenced this action by filing a lawsuit against Wal-Mart in the Fifteen Judicial Circuit Court in and for Palm Beach County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

2. Plaintiff served her Complaint on Wal-Mart's registered agent on June 17, 2020. *See* CT Corporation Service of Process Transmittal Form attached as Ex. "B."

3. The Complaint raises a negligence claim against Wal-Mart due to injuries Plaintiff allegedly sustained, on May 19, 2019, while at the Wal-Mart store located at 4375 Belvedere Road, West Palm Beach, Palm Beach County, Florida. *See* Ex. "A." Specifically,

Plaintiff contends she "slipped and fell on [a] foreign substance on the floor of an aisle" and that she sustained injuries as a result. *Id.* ¶ 6.

4. Plaintiff further asserts that Wal-Mart breached the duty of care owed to her by, among other things, negligently maintaining the subject store and failing to adequately warn her of the alleged condition on which she purportedly slipped. *See id.* at ¶ 8.

5. On or about May 13, 2020, prior to filing the instant lawsuit, Plaintiff submitted a pre-suit demand letter to Wal-Mart's claims administrator, Claims Management, Inc., in which she demanded from Wal-Mart $225,000.00 as full and final settlement of this matter ("Demand Letter"). *See* Demand Letter[1] attached as Ex. "C." The Demand Letter also states she incurred $118,772.94 in medical expenses due to the alleged incident. *Id.*"

6. The Complaint alleges Plaintiff resides in Palm Beach County, Florida. Ex. A., ¶ 2.

7. Given the foregoing, this matter is removable based on diversity of citizenship of the parties and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

8. Wal-Mart attaches hereto and makes a part of this Notice a copy of the process, pleadings, and other papers filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "D."

9. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

---

[1] Wal-Mart has not filed the medical records Plaintiff submitted with her Demand Letter in order to protect the Plaintiff's personal information and pursuant to the Court's administrative procedures. Should the Court wish to review these documents, Wal-Mart will provide same to the Court for an *in camera* inspection.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## REMOVAL IS TIMELY

In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's initial Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on June 17, 2020, when Plaintiff effectuated service of the Complaint on Wal-Mart. Prior to serving her Complaint, Plaintiff sent Wal-Mart the Demand Letter outlining Plaintiff's claimed damages, inclusive of actual medical expenses, in connection with her May 19, 2019 alleged incident. Venue is proper in the United States District Court for the Southern District of Florida, West Palm Beach Division, because the Fifteenth Judicial Circuit where Plaintiff filed her state court action is located in Palm Beach County, Florida, which is located within the United States District Court for the Southern District of Florida, West Palm Beach Division.

## THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of Lisa Ollis.

"It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla.) (Cohn, J) (internal citations omitted). In the instant case, the Complaint alleges Plaintiff is a resident of Palm Beach County, Florida. Ex. A, ¶2. Thus, Plaintiff's residence in Palm Beach County, Florida is prima

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz*, 2009 WL 1532129 at *3.

  **B.**  **Citizenship of Wal-Mart Stores East, LP.**

Wal-Mart Stores East, LP is a foreign limited partnership, which is, at the time of the alleged incident, and on the date of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP.

WSE Management, LLC and WSE Investment, LLC were, on the date of the filing of the Complaint, and currently are Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and on the date of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc. Walmart Inc. is, and on the date of the filing of the Complaint, a Delaware corporation. The sole member of Wal-Mart Stores East, LLC is and, on the date of the filing of the Complaint, Walmart Inc. Walmart Inc. is and, on the date of the filing of the Complaint, an incorporated entity under the laws of Delaware. The principal place of business for all of the above-mentioned entities is Bentonville, Arkansas and was so on the date of the filing of the Complaint.

## AMOUNT IN CONTROVERSY

The amount in controversy exceeds $75,000.00. Although the Complaint does not specify an amount in controversy other than Florida's circuit court jurisdictional minimum, it is clear from the Demand Letter that Plaintiff's claimed damages exceed this Court's jurisdictional minimum of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla.

June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiff in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).

"Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

The relevant portions of the Demand Letter, along with the medical records and medical bills provided to Wal-Mart with the Demand Letter, conclusively establish that the amount in controversy exceeds this Court's $75,000.00 jurisdictional minimum.  The medical bills provided with the Demand Letter and which Plaintiff claims she incurred due to the alleged incident total

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

$118,772.94.  *See* Ex. C.  Moreover, Plaintiff estimates the damages in the instant matter to be at least $225,000.00, based on the amount she demanded to settle this claim.  *See* Ex. "C."  These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.  Numerous district court decisions support this conclusion.

For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package.  *Katz,* 2009 WL 1532129 at *4.  The Court noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiff because, like the Demand Letter, it was based on medical records provided by the plaintiff.  *Id.*

District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. In *Stramiello v. Petsmart, Inc*., 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and he would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1 million dollars in future medical expenses as a result of her incident. *Wilson v.*

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she sought, but only plead that her damages were in excess of $15,000.00, this Court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

Here, Plaintiff's pre-suit demand package, which estimate Plaintiff's damages to be $225,000, is alleged to be Plaintiff's honest assessment of her claimed damages since it is based on the medical records she previously provided to Wal-Mart. *See Katz,* 2009 WL 1532129 at *4. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs.

Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**WHEREFORE**, Defendant WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, filed in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 50-2020-CA-006362-XXXX-MB, be removed from that court to the United States District Court for the Southern District of Florida, West Palm Beach Division, and that this Court assume

full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

        Respectfully submitted,

        **/s/ Suzette L. Russomanno**
        Jerry D. Hamilton
        Florida Bar No.: 970700
        jhamilton@hamiltonmillerlaw.com
        William H. Edwards
        Florida Bar No. 43766
        wedwards@hamiltonmillerlaw.com
        Suzette L. Russomanno
        Florida Bar No. 751081
        srussomanno@hamiltonmillerlaw.com
        HAMILTON, MILLER & BIRTHISEL, LLP
        150 Southeast Second Avenue, Suite 1200
        Miami, Florida 33131
        Telephone: 305-379-3686
        *Attorneys for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

/s/ **Suzette L. Russomanno**
Suzette L. Russomanno

## SERVICE LIST

Jason D. Weisser, Esq.
Michael D. Dickenson, Esq.
Schuler, Halvorson,Weisser, Zoeller & Overbeck, P.A.
1615 Forum Place, Suite 4-D
West Palm Beach, Florida 33401
jweisser@shw-law.com
mdickenson@shw-law.com
michele@shw-law.com
rchew@shw-law.com
darriaga@shw-law.com
*Attorneys for Plaintiff*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690